IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANITA SMITH, | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | |
| | : | |
| PHILADELPHIA COMMISSIONER'S OFFICE, et al., | : | |
| | : | |
| Defendants. | : | No. 11-3217 |

**M E M O R A N D U M**

PRATTER, J.                                              FEBRUARY 16, 2012

Plaintiff Anita Smith brings this suit against numerous defendants, alleging that they conspired to undermine her attempt to be elected to the office of Philadelphia Municipal Court Judge. Because Ms. Smith is proceeding with this action *in forma pauperis*, many of her claims, including those attempting to assert civil claims under criminal statutes or under statutes that provide for no private right of action, have already been dismissed by this Court as frivolous, in accordance with 28 U.S.C. § 1915(e)(2). Several of the Defendants – the Philadelphia Inquirer, Bob Warner, the Pennsylvania Department of State, Shauna C. Clemmer, Jessica Mathis, CBS Corporation, KYW News Radio 1060, Steve Tawa, and Lynne Abraham – have moved to dismiss the remaining claims set forth in Ms. Smith's Amended Complaint. Ms. Smith has not responded to any of these motions. Because the Court finds that Ms. Smith's Amended Complaint fails to state any claims upon which relief may be granted, the Court will grant the pending motions to dismiss. Indeed, because these remaining claims are frivolous, just like the many claims of which the Court has already disposed under 28 U.S.C. § 1915(e)(2),[1] the Court

---

[1] Under 28 U.S.C. § 1915(e)(2), the Court may *sua sponte* dismiss at any time claims made by *in forma pauperis* plaintiffs that are frivolous, malicious, or fail to state a claim on which relief may be granted.

will exercise its discretion under that statute to dismiss Ms. Smith's entire Amended Complaint because it clearly fails to state a claim, even as to those Defendants who have not moved to dismiss or otherwise responded to Ms. Smith's Amended Complaint.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

Ms. Smith's quest to become a magisterial district judge[2] began in November 2009, when she enrolled in a certification class with the Minor Judiciary Education Board. On May 11, 2010, Ms. Smith passed her certification exam, thus qualifying her to hold the office of magisterial district judge. Less than a year later, Ms. Smith collected 1300 petition signatures and entered her name as a candidate in the Democrat Party primary. However, Ms. Smith did not run for the post of magisterial district judge, but rather for the position of Philadelphia Municipal Court Judge, a position for which only attorneys are eligible under the Pennsylvania Constitution. *See* Pa. Const. Art. V, §§ 6(c), 7, 12.[3]

On March 21, 2011 and again on March 23, 2011, Defendants Shauna Clemmer and Jessica Mathis, both state employees, contacted Ms. Smith by email and by phone to tell her that she was ineligible for the office she sought and that she needed to submit a Candidate Withdrawal Notice. Despite these notifications, Ms. Smith continued to receive correspondence relating to her candidacy, including a letter regarding her ballot number and a letter regarding

---

[2]     Magisterial district judges were once referred to as "justices of the peace." *See* 42 P.S. § 20003(d). This definition is important, as the Pennsylvania Constitution distinguishes between requirements for judges and requirements for justices. *See* Pa. Const. Art. V, § 12.

[3]     Ms. Smith did not allege that she was ineligible for this position in her Amended Complaint – indeed, her entire suit is based on her contention that she was *not* ineligible. However, the Court cannot and should not ignore the Pennsylvania Constitution in construing Ms. Smith's claims.

campaign finance statements.

Ms. Smith claims that in the weeks leading up to the election, the majority of the defendants conspired to "defame her" by announcing to the public, both at public meetings and on television, that she was not eligible for the position of Philadelphia Municipal Court Judge. Based on these allegations, Ms. Smith asserts several causes of action. The only claims that were not already dismissed as frivolous are Count 3 (violation of 42 U.S.C. § 1985 by all Defendants) and Count 4 (violation of 42 U.S.C. § 1986 by Defendants "Commissioners, Dembe, Department, Shauna and Jessica"). Although not listed as a separate count, in paragraph 54, Ms. Smith also appears to assert a claim of defamation against all of the Defendants.

Various Defendants have now filed motions to dismiss. After missing the response deadlines for the first three motions to dismiss, the Court ordered Ms. Smith to respond to the motions no later than December 7, 2011 or risk having the motions granted as uncontested. *See* November 23, 2011 Order (Docket No. 18). That deadline has now passed, and Ms. Smith still has not responded, nor has she responded to the fourth motion to dismiss, filed by Lynne Abraham on November 28, 2011.

## II.   LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint. *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). Although Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted) (alteration in original) (quoting *Conley*, 355 U.S. at 47), the plaintiff

must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citation omitted).

To survive a motion to dismiss, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *see also Matrixx Initiatives, Inc. v. Siracusano*, 131 S. Ct. 1309, 1323 (2011). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). The question is not whether the claimant will ultimately prevail but whether the complaint is "sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 131 S. Ct. 1289, 1296 (2011) (citation omitted). An assessment of the sufficiency of a complaint is thus "a context-dependent exercise" because "[s]ome claims require more factual explication than others to state a plausible claim for relief." *West Penn Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85 (3d Cir. 2010) (citations omitted).

In evaluating the sufficiency of a complaint, the Court adheres to certain well-recognized parameters. For one, the Court "must only consider those facts alleged in the complaint and accept all of those allegations as true." *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *see also Twombly*, 550 U.S. at 555 (stating that courts must assume that "all the allegations in the complaint are true (even if doubtful in fact)"); *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) ("[A] court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents."). Concomitantly, the Court must also accept as true all reasonable inferences that

may be drawn from the allegations, and view those facts and inferences in the light most favorable to the non-moving party.  *Rocks v. Philadelphia*, 868 F.2d 644, 645 (3d Cir. 1989); *Revell v. Port Auth. of N.Y. & N.J.*, 598 F.3d 128, 134 (3d Cir. 2010).  Nonetheless, the Court need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183-84 (3d Cir. 2000) (citing *City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 n.13 (3d Cir. 1998)), or the plaintiff's "bald assertions" or "legal conclusions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d. 902, 906 (3d Cir. 1997).

**III.   DISCUSSION**

Under both 42 U.S.C. § 1985(3) and 42 U.S.C. § 1986, in addition to other elements, plaintiffs must plead that they were deprived of a right or privilege of a citizen of the United States or that the defendants failed to prevent such a deprivation.  *See* 42 U.S.C. § 1985(3); 42 U.S.C. § 1986.  Moreover, it is hornbook law that when bringing a defamation claim, public officials, such as a candidate for office, must plead that any alleged defamatory statements were false.  *See, e.g., Philadelphia Newspapers, Inc. v. Hepps*, 475 U.S. 767, 776-77 (1986).

Ms. Smith's entire Amended Complaint rests on the faulty notion that she was qualified to run for Philadelphia Municipal Court Judge.  According to the Pennsylvania Constitution, she was not.  Article V, § 12 of the Pennsylvania Constitution distinguishes between judges and justices of the peace (otherwise known as magisterial district judges):

> Justices and judges, except judges of the traffic court in the City of Philadelphia, shall be members of the bar of the Supreme Court. . . Judges of the traffic court in the City of Philadelphia and justices of the peace shall be members of the bar of the Supreme Court or shall complete a course of training and instruction in the duties of their respective offices and pass an examination prior to assuming office.

Even the Unified Judicial System website, which Ms. Smith quotes in support of her claims in

her Amended Complaint, makes clear the distinction between judges of the Philadelphia Municipal Court and magisterial district judges:

> The minor courts, also called the "special courts," are the first level of Pennsylvania's Unified Judicial System. *Except in Philadelphia*, these courts are presided over by magisterial district judges who decide small claims, landlord-tenant disputes, traffic cases and minor criminal matters.

*See* Am. Compl. ¶ 44, quoting http://www.courts.state.pa.us/T/SpecialCourts/default.htm (emphasis added).[4]

Ms. Smith does not plead that she is, in fact, a member of the Pennsylvania bar; rather, she argues that she does not have to be in order to hold the office she sought and that she was unlawfully discriminated against as a non-attorney. *See* Am. Compl. ¶¶ 30, 44-50. Because she was not an attorney at the time she ran for the office of Philadelphia Municipal Court Judge, none of the Defendants did anything wrong when they asked her to withdraw from the ballot, told the public that she was not qualified to hold that office, or met with others to discuss her lack of qualifications. There can be no deprivation of a right unless the plaintiff possesses a right in the first place, and Ms. Smith had no right to run for an office for which she did not meet the basic state constitutional qualifications, and, indeed, has no federal right to state judicial office candidacy at all.[5] *Cf. Snowden v. Hughes*, 321 U.S. 1 (1944) (holding that the U.S.

---

[4] *See also* Pa. Cons. Article V, § 7(a) ("In any judicial district, *other than the City of Philadelphia*, where a community court has not been established or where one has been discontinued there shall be one justice of the peace in each magisterial district.") (emphasis added).

[5] In any event, to the extent that Ms. Smith believes that the Pennsylvania Constitution violates the United States Constitution when it requires bar membership for judges, an issue that other courts have already addressed, *see, e.g., Trinsey v. Kane*, No. CIV. A. 97-1708, 1997 WL 129012 (no constitutional violation–"[t]he right to occupy a position in the

Constitution's privileges and immunities clause does not protect the right to become a candidate for state office). Moreover, Ms. Smith has not pleaded that the Defendants made a single false statement about her, and therefore she cannot state a defamation claim. Thus, all of Ms. Smith's remaining claims must fail, not only as to the moving defendants but as to all of the defendants.[6]

## IV. CONCLUSION

For the foregoing reasons, the remaining claims in Ms. Smith's Amended Complaint (Count 3, Count 4, and defamation) are hereby dismissed as to all Defendants. An appropriate Order follows.

BY THE COURT:

S/GENE E.K. PRATTER
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

state's judiciary" is not a fundamental right, non-lawyers are not a suspect class, and barring non-lawyers from office of state supreme court justice is rational), she has sued the wrong defendants.

[6] The Moving Defendants cite several other reasons why Ms. Smith's claims must fail, such as Ms. Smith's failure to plead that she is a member of a protected class, her failure to plead actual malice, and her failure to plead a conspiracy. Because the Court has already determined that Ms. Smith does not state any claims for the reasons discussed above, it need not discuss those additional arguments.